I cannot hope to add anything to the very excellent opinion delivered by the Chief Justice, and should be entirely silent on the subject were it not that, from the manner in which one of the objections very much pressed by the defendant's counsel was disposed of, it might be thought that the objection, if founded on fact, would have prevailed. I mean the objection, that upon the removal of the cause from Franklin to Warren the original transcript which was sent from Wake to Franklin, and not a copy of it, was sent upon the removal from Franklin to Warren. This inverts the order of proof and certainty, that which purports to be a copy may not. There may be many blunders or omissions in it after the most diligent search and corrections. Passing by its authenticity, we know that it is inferior to the original, and is only substituted as evidence when the original cannot from any cause be had. And its efficacy depends on its being a correct representation of the original. Its only weight is derived from that circumstance. It cannot be better or carried farther; but as the original cannot be had, necessity compels (417) its acceptance. But in no case can it be considered as superior to the original for any purpose. Public records, for their safety and preservation, are to be kept for those purposes at one place, and are not by law suffered to be carried about to suit the convenience of individuals. Copies of them are therefore received as representing them. The State may, therefore, complain of the clerk of Franklin for violating his duty; and so may this individual, if he has suffered any injury by it, and not without. For all the purposes for which this case was sent to Warren the original was equal, at least, to the copy. But it is said that the law is so written, and for the purpose for which it is so written it shall be observed. But I cannot shut my ear to the sound of my own voice and be regardless of the dictates of my own understanding. I was not placed where I am as a mere insensible organ. The laws, or, rather, the letter of the law, must go with a comment, and that comment shall be the will of the Legislature or lawmaking power, as I understand it from their words, not taken word by word and sentence by sentence, but all the words and sentences taken together. I cannot have a doubt — it appears to me impossible that one can be entertained — that that provision in the act requiring that a copy should be sent was for very different purposes than to sustain objections like the present. Could I see that the *Page 232 
situation of the defendant could possibly be affected by using the original, I would pause before I would declare that even the original should not supply the place of a copy. But I am certain the direction was given for other purposes than can be applied to support this objection. I must say the objection cannot be sustained.
HALL, J., concurred.
PER CURIAM. No error.
Cited: S. v. Kimbrough, 13 N.C. 440; S. v. Seaborn, 15 N.C. 308; S.v. Martin, 24 N.C. 24; S. v. King, 27 N.C. 205; Short v. Currie, 53 N.C. 45.
(418)